THE ATTORNEY GENERAL
OF TEXAS



**WILL WILSON**
**ATTORNEY GENERAL**

December 6, 1962

Affirmed by *M-84*

Mr. H. D. Dodgen
Executive Secretary
Game and Fish Commission
Austin, Texas

Opinion No. WW-1487

Re: Interpretation of the
duty and authority of
the Game and Fish Com-
mission under Article
4053, Vernon's Civil
Statutes.

Dear Mr. Dodgen:

You have requested the opinion of this office regard-
ing proper interpretation of the duty and authority of the
Texas Game and Fish Commission under Article 4053, Vernon's
Civil Statutes.

Article 4053 reads in pertinent part as follows:

" . . . If the Commissioner is satis-
fied that the taking, carrying away or dis-
turbing of the marl, gravel, sand, shells or
mudshell in the designated territory would
not damage or injuriously affect any oysters,
oyster beds, fish inhabiting waters thereof
or adjacent thereto and that such operation
would not damage or injuriously affect any
island, reef, bar, channel, river, creek or
bayou used for frequent or occasional navi-
gation, nor change or otherwise injuriously
affect any current that would affect naviga-
tion, he may issue a permit to such person
after such applicant shall have complied with
all requirements prescribed by said Commis-
sioner. . . ."

In your letter requesting this opinion, you state
that certain Galveston Bay shell firms have indicated a
desire to dredge the shell deposits underlying three large
reefs in Galveston Bay. You further state that such utili-
zation would necessarily involve dredging reefs which are
the chief commercial oyster producing reefs in Texas waters,
and it is therefore probable that the utilization of the
shell deposits would result in injury or damage to these

oyster beds within the meaning of Article 4053.

In clear and unequivocal language, Article 4053 requires that the Game and Fish Commission be satisfied that the removal of material from the river bed or bay would not damage or injuriously affect any oysters, oyster beds, etc. By Article 4051, Vernon's Civil Statutes, the Game and Fish Commission is vested with the duty of management, control and protection of the State's interest in a wide variety of property. Article 4053 sets forth the conditions under which the Commission may grant a permit for a private person or corporation to remove some of this property. The Commission is bound to follow the precise terms of its grant of authority.

It is made clear from your letter that the Commission is not satisfied that the removal of shell from beneath the reefs in Galveston Bay would not cause harm to the oyster beds connected with the reefs. The Commission is granted discretionary authority with reference to the granting of permits for the removal of shell deposits from the lands and waters under its control. Such authority is not delegable; neither may it be abrogated by a ruling of this office.

## SUMMARY

Under Article 4053, Vernon's Civil Statutes, the Texas Game and Fish Commission has discretionary authority to grant or deny permits for the removal of marl, gravel, sand, shells or mudshell, and the Commission has a duty to follow the limitations established by the Legislature.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Malcolm L. Quick
Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

John Reeves
Albert Pruitt
Cecil Rotsch
Sam Stone

REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore